Aamir Raza, Esq. [State Bar No. 223530]
E-mail: araza@lbaclaw.com
LAWRENCE BEACH ALLEN & CHOI, PC
E-mail: LBACOCstaff@lbaclaw.com
959 South Coast Drive, Suite 260
Costa Mesa, California 92626
Telephone No.: (714) 479-0180

Attorneys for Defendants, CITY OF SAN BERNARDINO, TYLER JENKINS, STEVEN ARABIA and ESQUEMON HILL

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LUIS HELGUERA CHAIREZ,<br><br>    Plaintiff,<br><br>vs.<br><br>CITY OF SAN BERNARDINO, TYLER JENKINS, STEVEN ARABIA, ESQUEMON HILL and DOES 1-10, inclusive<br><br>    Defendants. | Case No.: 5:25-cv-01468-JGB-SP<br><br>**ANSWER TO COMPLAINT BY DEFENDANTS CITY OF SAN BERNARDINO, TYLER JENKINS, STEVEN ARABIA AND ESQUEMON HILL; DEMAND FOR JURY TRIAL**<br><br>Complaint Filed: June 12, 2025 |

TO THE HONORABLE COURT, ALL PARTIES, AND TO THEIR COUNSEL OF RECORD:

COME NOW Defendants City of San Bernardino, Tyler Jenkins, Steven Arabia, and Esquemon Hill ("Defendants") and answering the Complaint on file herein, for themselves and for no other defendants, admit, deny, and allege as follows:

1.    Answering Paragraphs 3-7 Defendants admit that the lawsuit seeks the damages mentioned. As to the remainder of the allegations, Defendants deny

1  generally and specifically each and every allegation contained therein, and further
2  deny that Plaintiff is entitled to an award of damages or any other relief as a result of
3  any act or omission by Defendants.
4       2.     Answering Paragraphs 1-2, Defendants admits that, under the facts
5  alleged, the Court has subject matter jurisdiction over Plaintiff's claims at this time.
6       3.     Answering Paragraph 8, Defendants do not have sufficient information
7  or belief to enable them to answer said paragraphs and on that ground, deny each
8  and every allegation contained therein.
9       4.     Answering Paragraph 9-22, 59, Defendants admit that the City of San
10 Bernardino ("City") is a public entity organized and existing under the laws of
11 California and that the City is or was at the relevant time the employer of defendants
12 Jenkins, Hill and Arabia.  Defendants admit that a tort claim was filed on May 29,
13 2024, but do not admit to the sufficiency of said claim nor as to whether the
14 requirements of the California Tort Claims Act have been fully complied with.
15 Defendants are responding only on their own behalf and lack sufficient information
16 and belief to answer as to allegations made against the unnamed Doe defendants,
17 and on that ground, deny each and every such allegation contained therein.  As to
18 the remainder of the allegations set forth therein, Defendants do not have sufficient
19 information or belief to enable them to answer said allegations, and on that ground,
20 deny each and every such allegation.
21      5.     Answering Paragraphs 24-34 Defendants note that the incident is
22 documented on numerous body worn cameras and police reports, which are believed
23 to be in the possession of Plaintiff and his counsel.  Defendants admit those
24 allegations which are consistent with said footage and reports and deny those
25 allegations which are inconsistent with said footage and reports.  As to the
26 remainder of the allegations set forth therein, Defendants do not have sufficient
27 information or belief to enable them to answer said allegations, and on that ground,
28 deny each and every such allegation.

6. Answering Paragraphs 35-41, 43-48, 50-57, 60-67, 69-74, 76-82, 84-92 and Plaintiff's prayer for relief, Defendants deny generally and specifically each and every allegation contained therein, and further deny that Plaintiff is entitled to an award of damages or any other relief as a result of any act or omission by Defendants.

7. Answering Paragraph 23, Defendants incorporate by reference their responses to Paragraphs 1 through 22 as though fully set forth herein.

8. Answering Paragraph 35, Defendants incorporate by reference their responses to Paragraphs 1 through 34 as though fully set forth herein.

9. Answering Paragraph 42, Defendants incorporate by reference their responses to Paragraphs 1 through 41 as though fully set forth herein.

10. Answering Paragraph 49, Defendants incorporate by reference their responses to Paragraphs 1 through 48 as though fully set forth herein.

11. Answering Paragraph 58, Defendants incorporate by reference their responses to Paragraphs 1 through 57 as though fully set forth herein.

12. Answering Paragraph 68, Defendants incorporate by reference their responses to Paragraphs 1 through 67 as though fully set forth herein.

13. Answering Paragraph 75, Defendants incorporate by reference their responses to Paragraphs 1 through 74 as though fully set forth herein.

14. Answering Paragraph 83, Defendants incorporate by reference their responses to Paragraphs 1 through 82 as though fully set forth herein.

### FIRST AFFIRMATIVE DEFENSE

15. The individual Defendants are entitled to qualified immunity since there is no constitutional violation on the facts alleged, the applicable law was not clearly established, and reasonable officials in Defendants' position could have believed his conduct was lawful.

### SECOND AFFIRMATIVE DEFENSES

16. Defendants are entitled to immunity from damages accruing after the

intervention of judicial officers, i.e., the District Attorney and the judge, since it is presumed that they exercised independent judgment.

### THIRD AFFIRMATIVE DEFENSE

17. As a result of the incident that forms the subject matter of this litigation, Plaintiff was criminally prosecuted and rulings and findings therein are preclusive in the instant action.

### FOURTH AFFIRMATIVE DEFENSE

18. Defendants are immune from liability, pursuant to California Government Code § 845.8, since any injuries resulted from a criminal suspect resisting or fleeing from arrest.

### FIFTH AFFIRMATIVE DEFENSE

19. Each of Plaintiff's state law claims is barred by the absolute privilege of California Government Code § 820.2.

### SIXTH AFFIRMATIVE DEFENSE

20. Each of Plaintiff's state law claims against the City is barred by the absolute privilege of California Government Code § 815.2(b).

### SEVENTH AFFIRMATIVE DEFENSE

21. Each of Plaintiff's state law claims is barred by the absolute privilege of California Government Code § 821.6.

### EIGHTH AFFIRMATIVE DEFENSE

22. Plaintiff's California Civil Code § 52.1 claim fails because Defendants did not use threats, intimidation, or coercion distinct from that which was inherent in the alleged constitutional violation.

### NINTH AFFIRMATIVE DEFENSE

23. A public entity is not liability for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person.

## TENTH AFFIRMATIVE DEFENSE

24. The actions of Defendants were at all relevant times reasonable, proper, and legal.

## ELEVENTH AFFIRMATIVE DEFENSE

25. The Complaint fails to state a cause of action.

## TWELFTH AFFIRMATIVE DEFENSE

26. Neither a public entity nor a public employee is liable for his act or omission, exercising due care, in the execution or enforcement of any law.

## THIRTEENTH AFFIRMATIVE DEFENSE

27. Neither a public entity nor a public employee is liable for any injury caused by the act or omission of another person.

## FOURTEENTH AFFIRMATIVE DEFENSE

28. Plaintiff's state law claims against Defendants are barred by Plaintiff's failure to comply with the requirements of the Government Tort Claims Act.

## FIFTEENTH AFFIRMATIVE DEFENSE

29. Plaintiff failed to mitigate his damages.

## SIXTEENTH AFFIRMATIVE DEFENSE

30. Plaintiff's recovery is barred for damages that he should have foreseen and could have avoided by reasonable effort.

## SEVENTEENTH AFFIRMATIVE DEFENSE

31. That any injury or damage suffered by Plaintiff was caused solely by reason of Plaintiff's wrongful acts and conduct and the willful resistance to a peace officer in the discharge, and attempt to discharge, the duty of his office, and not by reason of any unlawful acts or omissions of Defendants.

## EIGHTEENTH AFFIRMATIVE DEFENSE

32. That the force, if any, used on Plaintiff was reasonable under the circumstances and that any injury or damages allegedly suffered by Plaintiff were due to and caused by reason of Plaintiff's acts and conduct in the unlawful assault

and battery committed by Plaintiff.

**NINETEENTH AFFIRMATIVE DEFENSE**

33. Plaintiff knew or should have known that he was being arrested by a peace officer and had the duty to refrain from using force to resist such arrest.

**TWENTIETH AFFIRMATIVE DEFENSE**

34. To the extent that any force was used after Plaintiff, it was privileged as necessary to affect the arrest, to prevent escape, or to overcome resistance.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

35. To the extent that any force was used, it was so used in the exercise of the right of self-defense.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

36. To the extent any force was used, it was privileged as being reasonably necessary, and being believed to be so necessary, to the lawful defense of third parties.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

37. Plaintiff's claims are barred by the doctrine of laches.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

38. Plaintiff's claims are barred by the doctrine of waiver.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

39. Plaintiff's claims are barred by the doctrine of assumption of risk.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

40. This action is barred by the applicable statutes of limitations including, without limitation, California Code of Civil Procedure §§ 335.1, 342, 343.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

41. Plaintiff's claims are barred by the doctrine of unclean hands.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

42. Plaintiff's claims are barred by the doctrine of equitable estoppel.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

43. Plaintiff's claims are barred by the doctrine of judicial estoppel.

## THIRTIETH AFFIRMATIVE DEFENSE

44. Plaintiff's claims are barred by the doctrine of collateral estoppel/issue preclusion.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

45. Because Plaintiff's Complaint is couched in conclusory terms, Defendants cannot fully anticipate all the affirmative defenses that may be applicable to the within action. Accordingly, the right to assert additional defenses, if and to the extent that such affirmative defenses are applicable is hereby reserved.

WHEREFORE, Defendants Pray that Plaintiff takes nothing by way of his Complaint and that Defendants herein recover its costs and such other and further relief as the Court may deem just and proper.

Respectfully submitted,

LAWRENCE BEACH ALLEN & CHOI, PC

Dated: August 1, 2025      By   /s/ Aamir Raza
                               AAMIR RAZA
                               Attorneys for Defendant
                               CITY OF SAN BERNARDINO, TYLER JENKINS, STEVEN ARABIA and ESQUEMON HILL

## DEMAND FOR JURY TRIAL

TO THE CLERK OF THE ABOVE-ENTITLED COURT

PLEASE TAKE NOTICE that Defendants City of San Bernardino Tyler Jenkins, Steven Arabia and Esquemon Hill demand a trial by jury pursuant to Federal Rules of Civil Procedure, Rule 38(b) and Local Rule 38-1.

Respectfully submitted,

LAWRENCE BEACH ALLEN & CHOI, PC

Dated: August 1, 2025         By   /s/ Aamir Raza
                                 AAMIR RAZA
                                 Attorneys for Defendant
                                 CITY OF SAN BERNARDINO, TYLER JENKINS, STEVEN ARABIA and ESQUEMON HILL