**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Renee V. Masongsong, Esq. (SBN 281819)
rvalentine@galipolaw.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel:   (818) 347-3333
Fax:   (818) 347-4118

**LAW OFFICE OF JAMES S. TERRELL**
James S. Terrell, Esq. (SBN 170409)
jim@talktoterrell.com
15411 Anacapa Road
Victorville, CA 92392
Tel:   (760) 951-5850
Fax:   (760) 952-1085

**LAW OFFICE OF SHARON J. BRUNNER**
Sharon J. Brunner, Esq. (SBN 229931)
sharonjbrunner@yahoo.com
14393 Park Avenue, Suite 100
Victorville, CA 92392
Tel:   (760) 243-9997
Fax:   (760) 843-8155

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS HELGUERA CHAIREZ,<br><br>            Plaintiff,<br><br>       v.<br><br>CITY OF SAN BERNARDINO; TYLER JENKINS, STEVEN ARABIA, ESQUEMON HILL and DOES 1-10, inclusive,<br><br>            Defendants. | Case No. 5:25-cv-01468-JGB-SP<br><br>*Assigned to*:<br>Hon. District Judge Jesus G. Bernal<br>Hon. Magistrate Judge Sheri Pym<br><br>**JOINT RULE 26 SCHEDULING CONFERENCE REPORT**<br><br>Date: January 12, 2026<br>Time: 11:00 AM<br>Location: Courtroom 1<br>3470 Twelfth Street<br>Riverside, California 92501 |

**TO THIS HONORABLE COURT:**

In accordance with Federal Rule of Civil Procedure Rule 26(f), Central District

Local Rule 26-1, and this Court's Order (Dkt. No. 13), Plaintiff Luis Helguera Chairez, Defendant City of San Bernardino, and Defendants Tyler Jenkins, Steven Arabia, and Esquemon Hill ("Defendant Officers") hereby respectfully submit the following Joint Rule 26 Scheduling Conference Report. Pursuant to FRCP 26(f) and this Court's Standing Order, an early meeting was held on December 17, 2025 between Plaintiff's counsel, Renee V. Masongsong of the Law Offices of Dale K. Galipo, and Defendants' counsel, Aamir Raza of Lawrence Beach Allen & Choi, PC.

## A. STATEMENT OF THE CASE

### 1. According to Plaintiff

This is a civil rights action brought pursuant to 42 U.S.C. § 1983 and California law arising from the unjustified uses of force against Plaintiff Luis Chairez Helguera. Plaintiff brings state and federal causes of action for: (1) violations of 42 U.S.C. § 1983 and the Fourth Amendment, including Excessive Force and Denial of Medical Care; (2) Municipal Liability – Unconstitutional Custom, Practice or Policy, and Inadequate Training; (3) Battery; (4) Negligence; and (5) violation of California Civil Code § 52.1.

On December 22, 2023, at approximately 6:00 p.m., City of San Bernardino Officer Tyler Jenkins responded to a call regarding a reported violation of a criminal protective order. Officers Steven Arabia and Esquemon Hill assisted Officer Jenkins with the call and located Plaintiff Mr. Chairez on Ironwood Street. The officers were not responding to a violent crime, they did not have any information that anyone was harmed, they did not have any information that Mr. Chairez was armed. Officers Arabia and Hill attempted a traffic stop, and a vehicle pursuit ensued. The pursuit ended when officers successfully deployed a spike strip that stopped Mr. Chairez. Next, Mr. Chairez got out of his vehicle and ran into a wooded area, where the officers pursued him on foot. Officer Hill then deployed a Taser against Mr. Chairez, and Officer Arabia struck him twice with his baton. Thereafter, Officer Jenkins fired multiple lethal shots at Mr. Chairez, striking and seriously injuring him.

At the time of uses of force, Mr. Chairez posed no immediate threat of death or serious bodily injury to any person. Mr. Chairez never verbally threatened any person or SBPD officer, was not a threat to any person or SBPD officer, and was not carrying a gun, knife, or any other weapon. Additionally, there were reasonable alternative measures available. Plaintiff contends that all uses of force were negligent, excessive, unreasonable, inappropriate, contrary to basic police training, and unjustified. As a result of the uses of force against him, Mr. Chairez sustained life threatening injuries, financial loss in the form of past and future loss of earnings and past and future medical expenses, in addition to suffering pain, emotional and mental distress, humiliation, and disfigurement.

### 2. ACCORDING TO DEFENDANTS

Defendants contend that they received a call for service from a confidential victim to respond to a repeated violation of restraining order by Plaintiff. Officers were able to locate Plaintiff in his vehicle. Plaintiff then led officers on a vehicle pursuit, during which he attempted to strike multiple officers with his vehicle. Officers were able to disable Plaintiff's vehicle, after which he abandoned the vehicle and fled into a wooded area. Plaintiff armed himself with a long stick and a sharp object and confronted the officers. Officers attempted to utilize commands and less lethal options to de-escalate and gain control of the situation, but Plaintiff remained confrontational. Ultimately, an officer involved shooting occurred, after which Plaintiff was treated for injuries.

Defendants note that the encounter is captured on multiple body worn cameras.

### B. SUBJECT MATTER JURISDICTION

This court has subject matter jurisdiction pursuant 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiff asserts claims arising under the laws of the United States, including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution. This Court has supplemental jurisdiction over Plaintiff's

claims arising under California state law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the U.S. Constitution.

Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants reside in this district and all incidents, events and occurrences giving rise to this action occurred in this district.

**C. LEGAL ISSUES**

Based on current information, the parties declare the key legal and factual issues in this case are:

1. Whether the uses of force against Mr. Chairez were excessive under federal law;
2. Whether the uses of force against Mr. Chairez were unreasonable under state law;
3. Whether the uses of force against Plaintiff resulted from conduct that was malicious, oppressive, or in reckless disregard of his rights;
4. Whether the Defendant Officers denied medical care to Plaintiff;
5. Whether the City of San Bernardino has unconstitutional policies customs, and practices that were the cause of the Plaintiff's injuries;
6. Whether the Defendant Officers were negligent with respect to their handling of the situation, including the use of deadly force against Plaintiff and pre-shooting negligent tactics;
7. The nature and extent of Plaintiff's damages, including punitive damages;
8. Whether any of Plaintiff's claims are barred by *Heck v. Humphreys;* and
9. Whether the individual defendants are entitled to qualified immunity.

**D. PARTIES, EVIDENCE, ETC.**

The currently named parties are Plaintiff Luis Chairez Helguera, and Defendants City of San Bernardino and officers Tyler Jenkins, Steven Arabia, and Esquemon Hill.

Plaintiff anticipates that the evidence he will use to support his claims will consist primarily of: the Defendant Officers' body-worn camera and dash-camera video recordings; the documents, photographs, forensic reports and/or materials generated and/or collected during the San Bernardino Police Department's investigation of the subject incident; the City of San Bernardino Police Department's policies and training procedures in effect at the time of the subject incident; the Defendant Officers' training and disciplinary records; photographs and medical records documenting Plaintiff's injuries; and expert testimony.

### E. DAMAGES

Plaintiff claims general and special compensatory damages related to his physical injuries suffered as a result of the subject incident, and punitive damages against the Defendant Officers. Plaintiff also seeks attorneys' fees pursuant to 42 U.S.C. §1988 and Cal. Civil Code §52 et seq. At this time, Plaintiff estimates his damages to be in excess of $5 million.

Defendants dispute the existence and/or extent of Plaintiff's alleged injuries and damages. As of this time, Defendants have not received documentation supporting Plaintiff's damages estimate.

### F. INSURANCE

Defendant City of San Bernardino is a self-insured public entity per California Government Code § 990.

### G. MOTIONS

Plaintiff anticipates bringing motions *in limine* should this case proceed to trial.

Defendants anticipate bringing motions in limine as well, along with a motion to phase/bifurcate trial into three phases (liability of individual defendants, *Monell* liability (if necessary) and damages (if necessary).

### H. MANUAL FOR COMPLEX LITIGATION

The parties agree that this is not a complex case and is therefore not subject to

the Manual for Complex Litigation.

**I. STATUS OF DISCOVERY**

The parties have not completed any discovery as of the time of the drafting of this report.

**J. DISCOVERY PLAN**

The parties' counsel agree that no changes should be made in the timing, form, or requirements for disclosures under Rule 26(a). The parties are not requesting any changes to the limitation discovery imposed under the FRCP or Local Rules at this time. The parties do not anticipate any issues concerning the disclosures or discovery of electronically stored information. The parties' counsel agree that no changes should be made as to discovery as it is governed by law or the Local Rules.

Plaintiff propounded written discovery on December 18, 2025. Plaintiff anticipates deposing the Defendant Officers, other responding San Bernardino Police Department officers, and Defendants' retained experts. Plaintiff may also depose EMTs, paramedics, and/or fire department members who arrived on scene to provide medical attention to Plaintiff, any witnesses to the incident as identified in Defendants' discovery production, the person(s) most knowledgeable regarding Defendant City's and the San Bernardino Police Department's policies and procedures pertaining to the use of force, and the detectives and/or criminalists who participated in the investigation of the incident.

Plaintiff believes that subjects on which discovery may be needed include: the Defendant Officers' training; the Defendant Officers' prior uses of force, if any, including any citizens' or internal complaints made against the Defendant Officers; San Bernardino Police Department policies with respect to the use of force; the handling of evidence by employees of Defendant City and the San Bernardino Police Department; medical treatment provided to Plaintiff at the scene of the incident; and testimony of witnesses and involved San Bernardino Police Department officers regarding the facts of the shooting incident and the City's investigation into the

incident.

Defendants will conduct discovery regarding the facts and circumstances of the incident that forms the basis for Plaintiff's claims, including taking Plaintiff's deposition and serving written discovery requests. Discovery will also be conducted regarding Plaintiff's claimed damages, including discovery of Plaintiff's medical and employment records and related issues.

### K. DISCOVERY CUT-OFF

The parties propose a discovery cut-off date of December 18, 2026.

### L. EXPERT DISCOVERY

The parties propose an initial expert disclosure date of October 30, 2026.

The parties propose a rebuttal expert disclosure date of November 20, 2026.

### M. DISPOSITIVE MOTIONS

Defendants anticipate bringing dispositive motions, including to address qualified immunity. The parties jointly request that Plaintiff be given two (2) weeks to oppose any dispositive motion, such as a motion for summary judgment or summary adjudication, should one be filed by Defendants and that Defendants have two (2) weeks to file their reply to Plaintiff's opposition

### N. SETTLEMENT/ALTERNATIVE DISPUTE RESOLUTION (ADR)

No settlement discussions have taken place at this time. The parties are amenable to using a private mediator / mediator with the attorney settlement panel.

### O. TRIAL ESTIMATE

The parties have requested trial by jury and estimate the length of the trial at approximately 5-7 court days after jury selection.

### P. TRIAL COUNSEL

Dale K. Galipo will be lead trial counsel for the Plaintiff. Aamir Raza will be lead trial counsel for Defendants.

### Q. INDEPENDENT EXPERT OR MASTER

The parties agree that neither a discovery master nor independent expert are

needed for this lawsuit.

**R. TIMETABLE**

Please see attached proposed scheduled of dates.

**S. OTHER ISSUES**

The parties do not believe there are any other issues to discuss at this time.

Respectfully submitted,

DATED: Dec. 23, 2025        LAWRENCE BEACH ALLEN & CHOI, PC

By: _____/s/ Aamir Raza_____
AAMIR RAZA
Attorneys for Defendants,
CITY OF SAN BERNARDINO, TYLER JENKINS, STEVEN ARABIA and ESQUEMON HILL

DATED: Dec. 23, 2025        LAW OFFICES OF DALE K. GALIPO

By: _____/s/ Renee V. Masongsong_____
Dale K. Galipo
Renee V. Masongsong
Attorneys for Plaintiff, LUIS CHAIREZ HELGUERA